UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| LAURIE S., | ) |
| | ) |
|     **Plaintiff** | ) |
| | ) |
| v. | )   No. 2:22-cv-00068-LEW |
| | ) |
| KILOLO KIJAKAZI, | ) |
| **Acting Commissioner of** | ) |
| **Social Security,** | ) |
| | ) |
|     **Defendant** | ) |

### REPORT AND RECOMMENDED DECISION

The Plaintiff in this Supplemental Security Income (SSI) appeal contends that the Administrative Law Judge (ALJ) erred by rejecting a medical opinion based solely on what she contends was a scrivener's error. *See* Statement of Errors (ECF No. 15).[1] I discern no error and recommend that the Court affirm the Commissioner's decision.

### I. Background

In the decision at issue in this appeal, the ALJ found that the Plaintiff had the severe impairments of anxiety disorder, post-traumatic stress disorder, depressive disorder, and arthritis/osteoarthritis. *See* Record at 16. Nevertheless, the ALJ found that the Plaintiff had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 416.967(b) except that she could frequently handle and finger with her right, dominant hand; could not climb ladders, ropes, or

---

[1] The Plaintiff also asserts in passing that the agency erroneously failed to address her Social Security Disability claim and instead only addressed her SSI claim. *See* Statement of Errors at 1-2. Because the Plaintiff does not develop this point of error in any meaningful way, it is waived, *see United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990), and I will cite only to the SSI regulations.

1

scaffolds; had to avoid workplace hazards such as unprotected heights; and had several other nonexertional limitations. *See id.* at 23. Based on testimony by a vocational expert that someone with such an RFC could perform work existing in significant numbers in the national economy, the ALJ found the Plaintiff not disabled. *See id.* at 27-28. The Appeals Council denied the Plaintiff's request to review the ALJ's decision, *see id.* at 4-6, making that decision the final determination of the Commissioner, *see* 20 C.F.R § 416.1481.[2]

## II. Standard of Review

A final decision of the Commissioner is subject to judicial review to determine whether it is based on the correct legal standards and supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001). Substantial evidence in this context means evidence in the administrative record that a reasonable mind could accept as adequate to support an ALJ's findings. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). If an ALJ's findings are supported by substantial evidence, they are conclusive even if the record could arguably support a different result. *See Irlanda Ortiz v. Sec'y of Health & Hum. Servs.*, 955 F.2d 765, 769 (1st Cir. 1991). But an ALJ's findings "are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

---

[2] The Appeals Council granted the Plaintiff additional time to appeal the Commissioner's final decision to this Court. *See* Record at 1.

### III. Discussion

Consultative examiner Kelleryn Wood, ANP, examined the Plaintiff in August 2018. *See* Record at 502. In a report detailing that examination, NP Wood noted that the Plaintiff alleged, among other things, pain in her right hand relating to arthritis. *See id.* NP Wood, however, observed no clubbing, cyanosis, or edema in the Plaintiff's extremities and no joint swelling, erythema, or effusion in the Plaintiff's musculoskeletal system. *Id.* at 504. NP Wood further noted that the Plaintiff "was able to demonstrate fine dexterous movement" and "lift, carry, and handle light objects," and NP Wood rated the plaintiff's wrist flexion, wrist extension, finger abduction, and hand strength as "5/5" for both hands. *Id.* at 504-05. Ultimately, the only abnormal findings NP Wood recorded related to the Plaintiff's right hip and knee, with the Plaintiff complaining of pain in those two areas with movement and demonstrating a "slight right sided antalgic gait." *Id.* Nevertheless, in summarizing her impressions, NP Wood opined,

> The [Plaintiff] has limitations with regard to [her] ability to handle and finger with [her] left hand and [she] can never do this with any sort of regularity. The [Plaintiff] has no limitations with regard to [her] ability to handle and finger with [her] right hand, feel with [her] left hand, feel with [her] right hand, reach, push and pull with [her] left upper extremity, and reach, push and pull with [her] right upper extremity.

*Id.*

The ALJ found the opinion of the NP Wood to be "less persuas[ive]," explaining,

> I find her opinion to be internally inconsistent and not supported by the medical evidence of record. For example, she discusses left hand limitations in the [Plaintiff's] ability to handle and finger with the left hand when the medical evidence of record shows some limitation in the

3

> [Plaintiff's] right [h]and. Moreover, [the Plaintiff] testified that she has no difficulty with her left upper extremity.

Record at 26.

The Plaintiff asserts that NP Wood made a scrivener's error and clearly meant to find that the Plaintiff could not regularly handle or finger with her *right* hand given the earlier reference to that hand in NP Wood's report. *See* Statement of Errors at 4-6. The Plaintiff argues that the ALJ erred by rejecting NP Wood's opinion "based solely upon" this typo and contends that the ALJ's error was not harmless because the jobs upon which he relied in finding the Plaintiff not disabled all require frequent handling or fingering. *See id.* at 5-6 .

I find these points unavailing.

To begin with, I am not persuaded that the only reasonable interpretation of the left/right hand inconsistency in NP Wood's opinion is that it was the product of a typo. *See Steven W. v. Soc. Sec. Admin. Comm'r*, No. 2:19-cv-00312-LEW, 2020 WL 2616666, at *1 (D. Me. May 22, 2020) ("[O]nce an ALJ finds facts, a reviewing court can reject those facts only if a reasonable factfinder *would have to conclude otherwise.*" (cleaned up)). Moreover, even accepting that NP Wood meant right when she said left, the regulations permit the ALJ to consider how well a medical source explains her opinion and any other factors "that tend to support or contradict a medical opinion." 20 C.F.R. § 416.920c(c). In highlighting the left/right hand inconsistency, the ALJ did just that.

Additionally, the ALJ did not reject NP Wood's opinion based only on the left/right hand inconsistency. Rather, he cited that inconsistency as an example of

4

his more general findings that the opinion was internally inconsistent and unsupported by the medical evidence.  *See* Record at 26.  As the Commissioner notes, *see* Opposition (ECF No. 17) at 2-5, NP Wood's opinion was also internally inconsistent because she noted no abnormalities in the Plaintiff's ability to handle or finger that would support assessing limitations in either hand, *see generally* Record at 502-06.  And although the Plaintiff points out that the ALJ ultimately did find that the evidence supported some fingering and handling limitations for her right hand, *see* Statement of Errors at 6, she does not explain how this fact undermines the ALJ's finding that the more severe limitations opined by NP Wood were inconsistent with the medical evidence, *see Archer v. Colvin*, No. 1:13-cv-00018-NT, 2014 WL 457641, at *3 n.3 (D. Me. Feb. 4, 2014) ("Remand requires a showing that the outcome of the claim for benefits would likely be different if the plaintiff's view of an issue is correct.").

## IV. Conclusion

For the foregoing reasons, I recommend that the Commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

***Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the District Court and to appeal the District Court's order.***

Dated: December 14, 2022

<u>/s/ Karen Frink Wolf</u><br>
United States Magistrate Judge